**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RELIZ TECHNOLOGY GROUP HOLDINGS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10371 (TMH)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 101, 177** |

**NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On March 26, 2026, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 101] (the "Motion") seeking entry of (a) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")[2] for the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets"), (ii) scheduling an auction (the "Auction") and approving the form and manner of notice thereof, (iii) approving assumption and assignment procedures, (iv) scheduling a sale hearing (the "Sale Hearing") and approving the form and manner of notice thereof, and (v) granting related relief.

On April 14, 2026, the Court entered the Bidding Procedures Order [Docket No. 177].

**You are receiving this Notice because you may be a Counterparty to a Contract of the Debtors that may be assumed and assigned to the Successful Bidder for the Debtors' Assets.**

**Cure Costs**

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtors may, in connection with the Sale to the Successful Bidder, seek to assume and assign to the Successful Bidder certain of the Debtors' Contracts. Each of the Contracts that potentially could be assumed and assigned in connection with the Sale, together

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Reliz Technology Group Holdings Inc. (6265); Reliz Technologies LLC (1968); Reliz LTD (N/A); and Reliz CI LTD (N/A). The Debtors' service address is 401 West Ontario St., Suite 400, Chicago, IL 60654.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

with the Debtors' calculation of Cure Costs with respect to such Contracts, is set forth on **Schedule 1** hereto. The inclusion of any Contract on **Schedule 1** does not constitute an admission by the Debtors, any Successful Bidder, or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed or assigned. All rights of the Debtors with respect thereto are reserved.

In addition, to the extent that any of the Cure Costs set forth on **Schedule 1** do not reflect (i) postpetition payments that have been made by the Debtors in respect of applicable Cure Costs or (ii) any payments that are made by the Debtors in respect of such Cure Costs after the filing of this Notice, the respective amounts required to be paid to cure any existing defaults under the applicable Contracts shall be reduced by any such corresponding postpetition payments, and the Debtors reserve their rights to update the Cure Costs set forth on **Schedule 1** accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable Counterparty.

## Cure Objections

### I. Contract Objection Deadline

Any Counterparty that wishes to object to the Debtors' proposed Cure Costs (each such objection, a "Cure Objection") or the assumption and assignment on any basis (except objections solely related to adequate assurance of future performance provided by a Successful Bidder) (each such objection, an "Assumption/Assignment Objection" and, together with a Cure Objection, a "Contract Objection") must file with the Court by **no later than May 13, 2026, at 4:00 p.m. (prevailing Eastern Time)** and serve on the Objection Notice Parties (as defined in Section IX.D of the Bidding Procedures) its Contract Objection, which must be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof.

### II. Resolution of Cure Objections

Pursuant to the Bidding Procedures Order, the Debtors, the Successful Bidder (if applicable), and the objecting Counterparty must first confer in good faith to attempt to resolve the Cure Objection without Court intervention. If the parties are unable to consensually resolve the Cure Objection prior to the commencement of the Sale Hearing, the Court shall make all necessary determinations relating to the applicable Cure Costs and Cure Objection at a hearing scheduled pursuant to the following paragraph. If a Cure Objection is resolved in a manner that is not in the best interests of the Debtors and their estates, whether or not such resolution occurs prior to or after the closing of the Sale, the Debtors and the Successful Bidder may determine that any Contract subject to such resolved Cure Objection no longer will be assumed and assigned. All other objections to the Debtors' proposed assumption and assignment of the Debtors' right, title, and interest in, to, and under a Contract shall be heard at the Sale Hearing.

### III. Adjourned Cure Objections

If a timely filed Cure Objection cannot otherwise be resolved by the parties, the Cure Objection may be heard at the Sale Hearing, or, with the agreement of the Debtors and the Successful Bidder, be adjourned to a subsequent hearing, with notice to the party having filed the

Cure Objection (each such Cure Objection, an "Adjourned Cure Objection"). An Adjourned Cure Objection may be resolved after the closing date of the Sale. Any Contract that is the subject of an Adjourned Cure Objection may be assumed and assigned prior to the resolution of such objection, so long as the Debtors or Successful Bidder, as applicable, (a) pays any undisputed Cure Costs on or before the date designated for consummating the sale under such Successful Bidder's purchase agreement and (b) appropriately reserves funding for the disputed portion of the Cure Costs pending resolution of the dispute.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CURE OBJECTION, THE COUNTERPARTY SHALL BE (I) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT TO THE SUCCESSFUL BIDDER AND (II) FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE ASSUMPTION AND ASSIGNMENT OF THE APPLICABLE CONTRACT OR THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT, AND THE CURE COSTS SET FORTH ON SCHEDULE 1 HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE CONTRACT AND SATISFY THE REQUIREMENTS OF SECTION 365(b) OF THE BANKRUPTCY CODE, AND THE COUNTERPARTY TO THE CONTRACT SHALL BE DEEMED BOUND BY AND TO HAVE CONSENTED TO THE CURE COSTS.**

**Notice of Auction Results**

The Auction, if required, will be conducted on **May 15, 2026, at 10:00 a.m. (prevailing Eastern Time)**, either (a) at the offices of McDermott Will & Schulte LLP, One Vanderbilt Avenue, New York, New York 10017, (b) at some other physical location to be determined by the Debtors, or (c) virtually or at such other date, time, and location as designated by the Debtors, after consulting with the Consultation Parties. If the Debtors conduct the Auction virtually, the Debtors will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail. The Debtors will provide notice (via electronic mail or otherwise) of any change in the date, time, or location of the Auction to Qualified Bidders, and will cause publication of such change to occur on the website maintained by Kurtzman Carson Consultants, LLC, d/b/a Verita Global, the Debtors' claims and noticing agent in these Chapter 11 Cases, located at https://veritaglobal.net/BlockFills (the "Verita Global Website").

One day after the conclusion of the Auction, the Debtors will file with the Court, serve on parties entitled to notice under Local Rule 2002-1(b), and cause to be published on the Verita Global Website, a notice setting forth the results of the Auction (the "Notice of Auction Results"), which will (a) identify each Successful Bidder and the Backup Bidder, if any; (b) include summaries of the material terms of the Successful Bid and Backup Bid, if any; and (c) set forth the Supplemental Sale Objection Deadline (as defined in Section IX.D of the Bidding Procedures), the date, time, and location of the Sale Hearing, and any other relevant dates or other information necessary to reasonably apprise the parties of the outcome of the Auction.

## Adequate Assurance Objections

### I. Adequate Assurance Objection Deadline

Any Counterparty to a Contract that wishes to object to the proposed assumption and assignment of the Contract, the subject of which objection is a Successful Bidder's (or any other relevant assignee's) proposed form of adequate assurance of future performance (each such objection, an "Adequate Assurance Objection"), shall file with the Court and serve on the Objection Notice Parties an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof**, by May 21, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

### II. Resolution of Adequate Assurance Objections

Pursuant to the Bidding Procedures Order, the Debtors, the Successful Bidder, and the objecting Counterparty shall first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the Sale Hearing, the Adequate Assurance Objection and all issues of adequate assurance of future performance of the Successful Bidder (or any other relevant assignee) shall be determined by the Court at the Sale Hearing or, with the agreement of the Debtors and the Successful Bidder, be adjourned to a subsequent hearing, with notice to the party having filed the Adequate Assurance Objection.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND/OR ASSIGNMENT OF THE APPLICABLE CONTRACT WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE. THE APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B) AND, IF APPLICABLE, 365(b)(3), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR ANY OTHER DOCUMENT.**

## Sale Hearing

The Sale Hearing shall take place on **May 28, 2026, at 2:00 p.m. (prevailing Eastern Time)** before The Honorable Thomas M. Horan, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801.

## Additional Information

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Verita Global Website.

Dated: April 20, 2026
Wilmington, Delaware

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
Andrew A. Mark (I.D. No. 6861)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Email: dhurst@mcdermottlaw.com
amark@mcdermottlaw.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
R. Ethan Dover (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
jbevans@mcdermottlaw.com
edover@mcdermottlaw.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Email: gsteinman@mcdermottlaw.com

*Proposed Counsel for Debtors and Debtors in Possession*