# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RELIZ TECHNOLOGY GROUP HOLDINGS INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10371 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket No. __** |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1 DIRECTING THE EXAMINATION AND PRODUCTION OF DOCUMENTS**

Upon consideration of *The Official Committee of Unsecured Creditors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination and Production of Documents* (the "Motion"), and any responses thereto; and the Court having conducted a hearing on the Motion, and upon the record thereof; and after due deliberation thereon; and good and sufficient cause existing therefor,

**IT IS HEREBY ORDERED**:

1. The Motion is granted as set forth herein.

2. Each of the Relevant Parties is hereby ordered and directed to produce to the Official Committee of Unsecured Creditors (the "Committee") all documents within its possession, custody, or control that are responsive to the categories set forth on **Exhibit B** attached to the Motion on a rolling basis following the entry of this Order so as to be completed within seven (7) days of entry of this Order.

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Reliz Technology Group Holdings Inc. (6265); Reliz Technologies LLC (1968); Reliz LTD (N/A); and Reliz CI LTD (N/A). The Debtors' service address is 401 West Ontario St., Suite 400, Chicago, IL 60654.

3. Each of the Relevant Parties shall appear and be examined, under oath, by the Committee on a date mutually agreed to between the Debtors and the Committee no later than seven (7) days after entry of this Order.

4. The Committee is authorized to issue additional subpoenas for deposition testimony and/or documents.

5. Nothing in this Order shall be deemed to limit the Committee's right to seek further discovery, including but not limited to additional documents and communications, the Committee's right to alter or supplement the current Subpoenas[2], or to issue further discovery requests.

6. During its investigation, the Committee may identify additional persons or entities from which it requires oral examinations and/or document productions in relation to the Requests. Under such circumstances, the Committee is authorized to file a "Notice of Additional Entities Subject to Rule 2004 Examination" on the docket in the Chapter 11 Cases describing the documents sought from any additional Rule 2004 party and, following a meet and confer with such additional Rule 2004 party (which meet and confer shall take place no more than forty-eight (48) hours after the filing of such notice), the Committee shall be authorized, without further order of the Court, to issue subpoena(s) and document requests to the additional Rule 2004 party setting forth the date and time of the oral examination of and document production by such party (which, absent further order of this Court or written agreement with such party, will set a date for production that is seven (7) days after service of the subpoena(s) and a date for oral examination that is no less than seven (7) days thereafter); *provided, however*, that such additional Rule 2004 party shall have five (5)

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

days from the service of such subpoena to object to the relevance, scope, burden or procedure of the document requests included in such subpoena.

7. The Committee may identify additional persons or entities from which it requires oral examinations and/or document productions in relation to the Subpoenas and is authorized to file a "Notice of Additional Document Production or Oral Examination," without further order of the Court, to issue subpoena(s) to the Relevant Parties or the additional Rule 2004 party, as applicable, setting forth the date and time of the examination of and document production (which, absent further order of this Court or written agreement with such party, will set a date for production that is seven (7) days after service of the subpoena(s) and a date for oral examination that is no less than seven (7) days thereafter); *provided, however*, that the party shall have five (5) days from the service of such subpoena to object to the relevance, scope, burden or procedure of the document requests included in such subpoena.

8. The Committee is authorized to take all actions deemed necessary to effectuate the relief granted in this Order.

9. This Order shall become effective immediately upon its entry notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

10. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement, and enforce the provisions of this Order.