# EXHIBIT C

## <u>Liquidation Trust Agreement</u>

# GUC TRUST AGREEMENT

This GUC Trust Agreement (the "GUC Trust Agreement") dated as of July ____, 2026, by and among: Reliz Technology Group Holdings Inc.; Reliz Technologies LLC; Reliz LTD, and Reliz CI LTD (collectively, the "Debtors") in the Chapter 11 cases being jointly administered under Case No. 25-10371 (TMH) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), David Dunn, as the GUC Trustee (as defined below), and CSC Delaware Trust Company (the "Delaware Trustee"), is being entered into in connection with the Amended Joint Chapter 11 Plan Of Reliz Technology Group Holdings Inc. And Its Debtor Affiliates (as may be amended or modified, the "Plan"), which was confirmed by the Confirmation Order, entered on July ___, 2026, for the purpose of forming a statutory trust (the "GUC Trust" or the "Liquidating Trust") under and pursuant to the provisions of the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, et seq. (the "Delaware Act"), and provides, inter alia:

(a) For the transfer of all GUC Trust Assets into the GUC Trust for distribution to beneficiaries of the GUC Trust (the "GUC Trust Beneficiaries") pursuant to and in accordance with this GUC Trust Agreement, the Plan and the Confirmation Order;

(b) For federal income tax purposes, (i) the GUC Trust Beneficiaries of the GUC Trust are to be treated as the grantors of the GUC Trust and deemed to be the owners of the GUC Trust Assets; and (ii) the Debtors shall treat the transfer of the GUC Trust Assets to the GUC Trust as a deemed transfer to such GUC Trust Beneficiaries followed by a deemed transfer by such GUC Trust Beneficiaries to the GUC Trust;

(c) For the management of the GUC Trust Assets by the GUC Trustee; and

(d) For the distribution of the GUC Trust Assets to the GUC Trust Beneficiaries as set forth in the Plan. Unless the context otherwise requires, all capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

NOW, THEREFORE, pursuant to the Plan and in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

1.1 Purpose of the GUC Trust. The Debtors and the GUC Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the Bankruptcy Code and applicable tax statutes, rules and regulations, hereby constitute and create the GUC Trust for the purpose of administering post-Effective Date responsibilities of the Debtors under the Plan, including, but not limited to, (i) being vested with, administering, and liquidating, the GUC Trust Assets, (ii) making Distributions to holders of Allowed Claims in accordance with the terms of the Plan and this GUC Trust Agreement, (iii) resolving all Disputed Claims and effectuating the Claims reconciliation process pursuant to the procedures prescribed in the Plan, (iv) prosecuting, settling, and resolving Causes of Action that are GUC Trust Assets, (v) recovering, through enforcement, resolution, settlement, collection, or otherwise, assets on behalf of the GUC Trust (which assets shall become part of the GUC Trust Assets), (vi) winding down the affairs of the Debtors and their subsidiaries,

if and to the extent necessary, including taking any steps to dissolve, liquidate, or take other similar action with respect to each Debtor and their subsidiaries, including by terminating the corporate or organizational existence of each such Debtor and subsidiary, and (vii) performing all actions and executing all agreements, instruments and other documents necessary to effectuate the purpose of the GUC Trust. Further, the GUC Trust is created for the purpose of liquidating and distributing the GUC Trust Assets with no objective to continue or engage in the conduct of a trade or business. In particular, the GUC Trust, through the GUC Trustee, shall (a) make continuing efforts to collect and reduce the GUC Trust Assets to Cash in order to meet the GUC Trust's Cash and other obligations, (b) make timely distributions on account of Allowed Claims pursuant to the Plan and this GUC Trust Agreement, (c) not unduly prolong the duration of the GUC Trust, and (d) take such steps as are reasonably necessary to accomplish such purpose, all as more fully provided in, and subject to the terms and provisions of, the Plan, the Confirmation Order and this GUC Trust Agreement. Notwithstanding any provision of Delaware law or any other applicable law to the contrary, the GUC Trustee shall not have authority to engage in any trade or business, and no portion of the GUC Trust Assets shall be used in the conduct of a trade or business, except as is reasonably necessary for the prompt and orderly collection and reduction to Cash of the GUC Trust Assets.

1.2 Name of the Liquidating Trust. The GUC Trust established hereby shall be known as the "Reliz Liquidating Trust." In connection with the exercise of its powers, the GUC Trustee may use such name or such variation thereof as the GUC Trustee sees fit, and may transact the affairs of the GUC Trust in such name.

1.3 Formation. It is the intention of the GUC Trustee that the GUC Trust referred to in the Plan and formed hereby constitute a statutory trust under the Delaware Act and that this GUC Trust Agreement constitutes the governing instrument of the GUC Trust. Promptly following execution of this GUC Trust Agreement, the GUC Trustee shall cause an appropriate form of Certificate of Trust of the GUC Trust to be filed in the Office of the Secretary of State of the State of Delaware (the "Delaware State Office") in accordance with the applicable provisions of the Delaware Act. 2

1.4 Offices.

(a) The principal office of the GUC Trust, and such additional offices as the GUC Trustee may determine to establish, shall be located at such place or places inside or outside the State of Delaware as the GUC Trustee may designate from time to time.

(b) Service of process upon the GUC Trust may be made by service upon the Delaware Trustee. The principal office of the Delaware Trustee in the State of Delaware is located at **251 Little Falls Drive, Wilmington, Delaware 19808**.

1.5 Transfer of Assets to Create Liquidating Trust.

(a) In accordance with Article IV of the Plan, the Debtors and the Estates hereby grant, release, assign, transfer, convey and deliver, for and on behalf of the GUC Trust Beneficiaries, the GUC Trust Assets to the GUC Trust which transfer shall, except as specifically set forth in the

Plan, be free and clear of all Claims and Liens and contractually imposed restrictions, and exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax to the maximum extent permitted under section 1146 of the Bankruptcy Code, as of the Effective Date, to have and to hold unto the GUC Trustee and its successors in trust and to be applied as specified in the Plan, the Confirmation Order and this GUC Trust Agreement. Upon the transfer of the GUC Trust Assets, and except as otherwise provided herein or in the Plan, the Debtors shall retain no interest in the GUC Trust Assets. The Debtors shall execute and deliver or cause to be executed and delivered to or upon the order of the GUC Trustee all such documents, in recordable form where necessary or appropriate, and the Debtors shall take or cause to be taken such further or other action, as the GUC Trustee may deem appropriate, to vest or perfect in or confirm to the GUC Trustee, or upon the order of the GUC Trustee, title to and possession of all of the GUC Trust Assets as of the Effective Date.

(b) To the extent any GUC Trust Assets cannot be transferred to the GUC Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such GUC Trust Assets shall be deemed to have been retained by the Debtors and the GUC Trustee shall be deemed to have been designated as a representative of the Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such GUC Trust Assets on behalf of the Debtors. Notwithstanding the foregoing, all net proceeds of such GUC Trust Assets shall be transferred to the GUC Trust to be distributed to the GUC Trust Beneficiaries in accordance with the Plan.

1.6 Acceptance by GUC Trustee. The GUC Trustee hereby accepts (a) the appointment to serve as GUC Trustee ; (b) the transfer of the GUC Trust Assets on behalf of the GUC Trust; (c) the trust imposed on the GUC Trustee by this GUC Trust Agreement, and (d) any liabilities of the GUC Trust, on behalf of the GUC Trust, to the extent provided in the Plan. The GUC Trustee agrees to receive, hold, administer and distribute the GUC Trust Assets and the income derived therefrom on behalf of the GUC Trust pursuant to the terms of the Plan, the Confirmation Order and this GUC Trust Agreement. The GUC Trustee expressly assumes the responsibility to reconcile and satisfy Claims and meet all other obligations of the Debtors' Estates in accordance with the Plan and the Confirmation Order. The GUC Trustee agrees to perform all acts necessary to ensure the transfer of the GUC Trust Assets to the GUC Trustee on behalf of the GUC Trust.

## ARTICLE II
## GUC TRUSTEE - GENERALLY

2.1 Appointment. There shall at all times be a trustee who shall be responsible for the administration of the GUC Trust (the "GUC Trustee"). The GUC Trustee shall be David Dunn. Any successor GUC Trustee shall be appointed as herein provided.

2.2 Term of Service. The initial GUC Trustee, and each successor GUC Trustee, shall serve until the earlier to occur of (a) the termination of the GUC Trust in accordance with Article X of this GUC Trust Agreement, or (b) such GUC Trustee's resignation, death, dissolution, removal or liquidation.

2.3 Resignation, Death, Dissolution or Removal of GUC Trustee.

(a) The GUC Trustee may resign at any time upon 30 days' written notice provided to the GUC Oversight Committee, the professionals hired by the GUC Trust, and the Bankruptcy Court. Such resignation may become effective on the earlier to occur of (i) the date that is 30 days after the date such notice is filed with the Bankruptcy Court and served in accordance with this Section 2.3(a), and (ii) the appointment of a permanent or interim successor GUC Trustee.

(b) The U.S. Trustee or any Creditor may request the removal of the GUC Trustee for "cause" pursuant to a motion filed with the Bankruptcy Court and served upon (a) the GUC Trustee and its counsel, (b) the U.S. Trustee (if not the movant), and (c) all other Entities that have formally requested notice pursuant to Bankruptcy Rule 2002. In connection with any such motion to remove the GUC Trustee, "cause" will include: (a) the GUC Trustee's willful failure to perform his, her or its material duties hereunder, which is not remedied within thirty (30) days of notice; (b) the GUC Trustee's death; (c) the GUC Trustee's mental or physical incapacity that materially and adversely affects the GUC Trustee's ability to perform his, her or its duties under the Plan; (d) the GUC Trustee's commission of an act of fraud, theft or embezzlement in connection with the GUC Trustee's duties under the Plan; (e) the GUC Trustee's conviction for the commission of a felony with all appeals having been exhausted or appeal periods lapsed; provided, however, that no "cause" shall exist involving clause (a) above until the GUC Trustee first has failed to cure such failure within thirty (30) days of having been given written notice of such failure. For purposes of the foregoing, no act or failure to act on the part of the GUC Trustee shall be considered "willful" unless it is done, or permitted to be done, by the GUC Trustee without reasonable belief that the GUC Trustee's action or omission was in the best interests of the Debtors.

(c) In the event that the GUC Trustee is removed, resigns, or otherwise can no longer serve, the GUC Oversight Committee may file a motion with the Bankruptcy Court requesting the appointment of a replacement trustee selected by the GUC Oversight Committee. In the event that the GUC Oversight Committee does not file a GUC Trustee Replacement Motion within twenty-one (21) days, any other party in interest in the chapter 11 cases, including the United States Trustee, may file a GUC Trustee Replacement Motion requesting the appointment of a replacement GUC Trustee.

(d) No successor GUC Trustee hereunder shall in any event have any liability or responsibility for the acts or omissions of any of his, her or its predecessors. Every successor GUC Trustee appointed pursuant to the terms hereof shall execute, acknowledge and deliver to the GUC Oversight Committee an instrument in writing accepting such appointment hereunder, and thereupon such successor GUC Trustee, without any further act, shall become fully vested with all of the rights, powers, duties and obligations of his, her or its predecessor.

2.4 Trust Continuance. The death, dissolution, resignation or removal of the GUC Trustee shall not terminate the GUC Trust or revoke any existing agency (other than any agency of such GUC Trustee as GUC Trustee) created pursuant to this GUC Trust Agreement or invalidate any action theretofore taken by the GUC Trustee, and the successor GUC Trustee agrees that the provisions of this GUC Trust Agreement shall be binding upon and inure to the benefit of the

successor GUC Trustee and all his, her or its heirs and legal and personal representatives, successors or assigns.

## ARTICLE III
## POWERS AND LIMITATIONS OF GUC TRUSTEE

3.1 General Powers of GUC Trustee. In connection with the administration of the GUC Trust, except as otherwise set forth herein, the GUC Trustee is authorized to perform only those acts necessary and desirable to accomplish the purposes of the GUC Trust, the Plan and the Confirmation Order. The GUC Trustee shall succeed to all of the rights, remedies, powers and defenses of the Debtors, the Committee, and the Estates necessary to protect, conserve, maximize the value of, distribute and liquidate all GUC Trust Assets as quickly as reasonably practicable. Subject to the limitations set forth in this GUC Trust Agreement, the Plan and the Confirmation Order, and in addition to any powers and authority conferred by law or by any other Section or provision of this GUC Trust Agreement, the Plan and the Confirmation Order, the GUC Trustee may exercise all powers granted to the GUC Trustee under this GUC Trust Agreement, the Plan and Confirmation Order. Without limiting, but subject to, the foregoing, the GUC Trustee shall be expressly authorized:

(a) To exercise all power and authority that may be or could have been exercised and take all actions that may be or could have been taken by the Debtors with like effect as if authorized, exercised and taken by unanimous action of the Debtors' partners, members, officers, directors and equity holders; including, without limitation, amendment of the certificates of incorporation and by-laws of the Debtors, merger of any Debtor into another Debtor, the dissolution of any Debtor and the assertion or waiver of any Debtors' attorney/client privilege;

(b) To implement Distributions to Holders of Allowed Claims as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment and maintenance of appropriate reserves in accordance with the Plan and this GUC Trust Agreement, in the name of the Debtors or the GUC Trustee, even in the event of the dissolution of the Debtors;

(c) Subject to the applicable provisions of the Plan, to administer the winding-up of the affairs of the Debtors;

(d) To take all actions necessary to preserve and maximize the value of the GUC Trust Assets;

(e) collecting and liquidating all of the GUC Trust Assets, including as necessary acquiring and selling cryptocurrency;

(f)To prosecute the Causes of Action transferred to the GUC Trust, by which the GUC Trust is hereby granted standing to prosecute any of such Causes of Action and the authority to settle such Causes of Action without Bankruptcy Court approval except as otherwise expressly set forth herein;

(g) To take assignment of, acquire, receive, additional Causes of Action from third parties and the authority to negotiate the terms of any such assignment, transfer, contribution, or otherwise of such third party Causes of Action without Bankruptcy Court approval except as otherwise expressly set forth herein;

(h) To investigate, prosecute, settle, review, reconcile, pursue, commence, compromise, dismiss, release, waive, withdraw, abandon, resolve, or elect not to pursue all such third party Causes of Action to the same extent as the Causes of Action transferred pursuant to the Plan;

(i) To review and compel turnover of the Debtors or the GUC Trust's property pursuant to section 542 of the Bankruptcy Code and any other applicable law;

(j) To abandon or donate to a charitable organization qualifying under IRC section 501(c)(3) any GUC Trust Assets that the GUC Trustee determines to be too impractical to distribute, of inconsequential value, burdensome on the GUC Trust, or that would otherwise inhibit the GUC Trust's ability to make Distributions to GUC Trust Beneficiaries;

(k) To maintain customary insurance coverage for the protection of the GUC Trustee and professionals on and after the Effective Date;

(l) To object to any Claims (Disputed or otherwise), and to defend, compromise and/or settle any Claims prior to or following objection without the necessity of approval of the Bankruptcy Court;

(m) To make decisions, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the GUC Trust and to pay, from the GUC Trust Assets, the charges incurred by the GUC Trust on or after the Effective Date for services of professionals, without application to the Bankruptcy Court, and disbursements, expenses or related support services relating to the winding down of the Debtors and implementation of the Plan, without application to the Bankruptcy Court;

(n) To cause, on behalf of the GUC Trust, the Debtors, and their Estates all necessary tax returns and all other appropriate or necessary documents related to municipal, State, Federal or other tax law to be prepared or filed timely, in accordance with the Plan;

(o) To maintain appropriate books and records (including financial books and records) to govern the liquidation and Distribution of the GUC Trust Assets, provided, however, that any abandonment or destruction of books and records shall not require Bankruptcy Court approval;

(p) To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each of the Debtors until such time as such reports are no longer required, or the Bankruptcy Court orders otherwise, a final decree is entered closing these chapter 11 cases or the chapter 11 cases are converted or dismissed;

(q) To dissolve the GUC Trust if the GUC Trustee determines, in reliance on such professionals as it may retain, that the expense of administering the GUC Trust so as to make a final Distribution is likely to exceed the value of the remaining GUC Trust Assets;

(r) To seek one or more final decrees closing the Debtors' chapter 11 cases;

(s) To do all other acts or things consistent with the provisions of the Plan that the GUC Trustee deems reasonably necessary or desirable with respect to implementing the Plan; and

(t) To be the Estate representative and successor of the Debtors and the Committee for all purposes.

3.2 Limitations on the GUC Trustee. Notwithstanding anything in this GUC Trust Agreement, the Plan or the Confirmation Order to the contrary, the GUC Trustee shall not do or undertake any of the following in its capacity as such:

(a) Take any action in contravention of the Plan or the Confirmation Order.

(b) Take any action that would jeopardize treatment of the GUC Trust as a "Liquidating Trust" for federal income tax purposes.

(c) Receive transfers of any listed stocks or securities, any readily-marketable assets or any operating assets of a going concern business other than to liquidate such assets.

(d) Receive or retain Cash in excess of a reasonable amount necessary to meet Claims and contingent liabilities (including Disputed Claims) or make Distributions on account of Interests.

(e) Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills.

(f) Enter into or engage in any trade or business (other than the management and disposition of the GUC Trust Assets), and no part of the GUC Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the GUC Trust in furtherance of any trade or business.

(g) Receive or retain any operating assets of a going concern business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets.

3.3 Compensation and Expenses of GUC Trustee. The GUC Trustee shall be entitled to receive compensation as set forth on **Exhibit A** attached hereto. The actual costs and expenses of the GUC Trustee and the GUC Trust (including, without limitation, the actual fees and expenses of the GUC Trustee Professionals) shall be paid from the GUC Trust Assets. The GUC Trustee shall pay the actual reasonable fees and expenses of the GUC Trustee Professionals as necessary to discharge the GUC Trustee's duties under the Plan and this GUC Trust Agreement. Payments to the GUC Trustee and any professionals shall not require any notice to any party, or an order of the Court approving such payments.

3.4 Exclusive Authority to Pursue Causes of Action. The GUC Trustee shall have the exclusive right, power, and interest to review, reconcile, enforce, collect, compromise, settle, or elect not to pursue the Causes of Action, on behalf of the GUC Trust. The GUC Trustee shall be the sole representative of the Estates under Bankruptcy Code section 1123(b)(3) with respect to the Causes of Action. The GUC Trust shall be vested with and entitled to assert all setoffs and defenses of the Debtors or the GUC Trust to any counterclaims that may be asserted by any defendant with respect to any Cause of Action. The GUC Trust shall also be vested with and entitled to assert all of the Debtors' and the Estates' rights with respect to any such counterclaims, under Bankruptcy Code section 558. All costs and expenses of pursuing the Causes of Action shall be satisfied first from the GUC Trust Assets, and all other expenses of the GUC Trust shall be paid or reserved for, before any proceeds of Causes of Action are distributed. For the avoidance of doubt, all evidentiary privileges of the Debtors of any type or nature whatsoever, including the Debtors' attorney-client privilege, the work product privilege and any other applicable evidentiary privileges of the Debtors, shall and shall be deemed to be assigned by the Debtors and shall vest in the GUC Trust as of the Effective Date.

3.5 Retention of Professionals. Without any further notice to any party or action, order or approval of the Bankruptcy Court, the GUC Trustee, on behalf of the GUC Trust, may employ and compensate professionals in the ordinary course of business the reasonable fees of any employed professional (including professionals previously employed by the Debtors, but excluding any Affiliates, relatives or Related Persons to the GUC Trustee) for services rendered or expenses incurred on and after the Effective Date that, in the discretion of the GUC Trustee, are necessary to assist the GUC Trustee in the performance of the GUC Trustee's duties under the Plan and this GUC Trust Agreement, subject to any limitations and procedures established under this GUC Trust Agreement. Such retention and compensation shall not require any further notice to or action, order, or approval of the Bankruptcy Court.

3.6 GUC Trustee Action. Except as provided in the Plan or otherwise specified in this GUC Trust Agreement, the GUC Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred under the Plan or this GUC Trust Agreement, or account to the Bankruptcy Court. Notwithstanding the foregoing, the GUC Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the GUC Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the GUC Trust, including the administration or distribution of any of the GUC Trust Assets. The Bankruptcy Court shall retain jurisdiction and power for such purposes and may approve or disapprove any such proposed action upon motion by the GUC Trust.

3.7 Appointment of Supplemental GUC Trustee. If the GUC Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the GUC Trustee is not qualified to act as trustee, the GUC Trustee shall, with the consent of GUC Oversight Committee which shall not be unreasonably withheld, nominate and appoint a Person duly qualified to act as trustee (the "Supplemental Trustee") in such state or jurisdiction and require from each such Supplemental Trustee such security as may be designated by the GUC Trustee in its discretion. The GUC Trustee may confer upon such Supplemental Trustee all of the rights, powers, privileges, and duties of the GUC Trustee hereunder, subject to the conditions and limitations of this GUC Trust Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary). The GUC Trustee shall require such Supplemental Trustee to be answerable to the GUC Trustee for all monies, assets, and other property that may be received in connection with the administration of all the GUC Trust Assets by the Supplemental Trustee. The GUC Trustee may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE IV
## LIABILITY OF GUC TRUSTEE

4.1 GUC Trustee Standard of Care; Exculpation. Except as expressly set forth in this GUC Trust Agreement or expressly required by the Delaware Act, the GUC Trustee shall not have any

duties or liabilities, including fiduciary duties, to the GUC Trust or any Beneficiary except that the GUC Trustee shall not take any act or omission that involves fraud or willful misconduct or engage in any transaction in which any such GUC Trustee derives an improper personal benefit. Neither the GUC Trustee, nor any director, officer, affiliate, employee, employer, professional, agent or representative of the GUC Trustee (if applicable) shall be personally liable in connection with affairs of the GUC Trust to any holder of a Claim or GUC Trust Beneficiary of the GUC Trust, or the GUC Trust, or any other person, except for any acts or omissions of the GUC Trustee as shall constitute fraud, willful misconduct or gross negligence, each as determined by a Final Order from a court of competent jurisdiction. Every act done, power exercised or obligation assumed by the GUC Trustee pursuant to the provisions of this GUC Trust Agreement shall be held to be done, exercised or assumed, as the case may be, by the GUC Trustee acting in a fiduciary capacity and not otherwise, and every person, firm, corporation or other entity contracting or otherwise dealing with the GUC Trustee shall look only to the GUC Trust Assets for payment under such contract or payment of any money that may become due or payable under any obligation arising under this GUC Trust Agreement, in whole or in part, and the GUC Trustee shall not be individually liable therefor even though the GUC Trustee did not exempt himself, herself or itself from individual liability when entering into any contract, obligation or transaction in connection with or growing out of the GUC Trust. To the extent that, at law or in equity, the GUC Trustee has duties (including fiduciary duties) and liabilities relating thereto to the GUC Trust or the Beneficiaries, the GUC Trustee acting under this GUC Trust Agreement shall not be liable to the GUC Trust or to any Beneficiary for its good faith reliance on the provisions of this GUC Trust Agreement. The provisions of this GUC Trust Agreement, to the extent that they expand or restrict the duties and liabilities of the GUC Trustee otherwise existing at law or in equity, are agreed by the Beneficiaries (to the extent such agreement is permitted by applicable law) to modify to that extent such other duties and liabilities applicable to the GUC Trustee.

4.2 Indemnification. Except as otherwise set forth in the Plan or Confirmation Order, the GUC Trustee and its respective accountants, agents, assigns, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, attorneys, real estate brokers, transfer agents, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliate, employer and successors (each, an "Indemnified Party") shall be indemnified for, and defended and not be liable for any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) actually incurred in connection with actions taken or omitted in their respective capacities as, or on behalf of, the GUC Trustee or the GUC Trust, except those acts arising out of its or their fraud, willful misconduct or gross negligence, each as determined by a Final Order from a court of competent jurisdiction. The Indemnified Parties shall be entitled to advancement, indemnification, and reimbursement for fees and expenses in defending any and all of its or their actions or inactions in its or their capacity as, or on behalf of, the GUC Trustee or the GUC Trust, except for any actions or inactions involving fraud, willful misconduct or gross negligence, each as determined by a Final Order from a court of competent jurisdiction. Any indemnification claim of the Indemnified Parties under this subsection shall be satisfied from the GUC Trust Assets, as provided in this GUC Trust Agreement.

4.3 No Liability for Acts of Successor/Predecessor GUC Trustees. Upon the delivery of the GUC Trust Assets to a successor GUC Trustee, the predecessor GUC Trustee shall have no

further liability or responsibility with respect thereto. A successor GUC Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor GUC Trustee shall be in any way liable for the acts or omissions of any predecessor GUC Trustee unless a successor GUC Trustee expressly assumes such responsibility.

4.4 Reliance by GUC Trustee on Documents, Mistake of Fact or Advice of Counsel. Except as otherwise provided in this GUC Trust Agreement, the GUC Trustee may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the GUC Trustee to be genuine and to have been presented by an authorized party. Also, the GUC Trustee shall not be liable if the GUC Trustee acts based on a mistake of fact before having actual knowledge of an event. The GUC Trustee shall not be liable for any action taken or suffered by the GUC Trustee in reasonably relying upon the advice of counsel or other professionals engaged by the GUC Trustee in accordance with the Plan, the Confirmation Order or this GUC Trust Agreement.

4.5 Insurance. The GUC Trustee shall be authorized, but not required, to obtain any reasonably necessary insurance coverage, at the GUC Trust's sole expense, for itself and its respective agents, including coverage with respect to the liabilities, duties and obligations of the GUC Trustee, which insurance coverage may, at the sole option of the GUC Trustee, be extended for a reasonable period after the termination of this GUC Trust Agreement.

## ARTICLE V
## DUTIES OF GUC TRUSTEE

5.1 General. The GUC Trustee shall have all duties specified in this GUC Trust Agreement, the Plan and the Confirmation Order.

5.2 Register of GUC Trust Beneficiaries. The GUC Trustee shall maintain at all times a register of the names, addresses and amounts of Allowed Claims of the GUC Trust Beneficiaries (the "Register"). The GUC Trustee shall not be liable for relying on the accuracy of the Register, provided that the GUC Trustee has properly maintained the Register in accordance with this GUC Trust Agreement and the Plan, including making all changes based upon notification proper under this GUC Trust Agreement having been submitted to the GUC Trustee.

5.3 Books and Records. The GUC Trustee also shall maintain, in respect of the GUC Trust and the GUC Trust Beneficiaries, books and records relating to the GUC Trust Assets and income realized therefrom and the payment of expenses of and claims against or assumed by the GUC Trust in accordance with generally accepted accounting principles and for such period of time as may be necessary to enable the GUC Trustee to make full and proper reports in respect thereof. Except as expressly provided in this GUC Trust Agreement, the Plan or the Confirmation Order, nothing in this GUC Trust Agreement is intended to require the GUC Trustee to file any accounting or seek approval of any court with respect to the administration of the GUC Trust, or as a condition for making any payment or distribution out of the GUC Trust Assets.

5.4 Interim Reports to GUC Trust Beneficiaries. The GUC Trustee will publish quarterly reports on aggregate receipts and disbursements to the GUC Trust Beneficiaries.

5.5 Final Accounting of GUC Trustee. The GUC Trustee shall within ninety (90) days of the termination of the GUC Trust or its resignation, removal, liquidation or death (in which case, the obligation contained in this Section shall pass to the GUC Trustee 's estate), render a final accounting containing at least the following information:

(a) A description of the GUC Trust Assets.

(b) A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the GUC Trust and the GUC Trust Assets during the GUC Trustee 's term of service, including their source and nature.

(c) Separate entries for all receipts of principal and income.

(d) The ending balance of all GUC Trust Assets as of the date of the GUC Trustee 's accounting, including the Cash balance on hand and the name(s) and location(s) of the depository or depositories where the Cash is kept.

(e) All known liabilities of the GUC Trust. The final accounting shall be presented to the Bankruptcy Court for approval, and all GUC Trust Beneficiaries shall have notice that the final accounting has been filed and an opportunity to have a hearing on the approval of the accounting and the discharge of the GUC Trustee.

5.6 Confidentiality. The GUC Trustee shall and shall direct each of its respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliates, employers and successors, each in their respective capacities as such (collectively, the "Confidential Parties") to hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the GUC Trust Assets relate or of which the Confidential Parties have become aware in their capacity as Confidential Parties; provided, however, that such information may be disclosed pursuant to legal process including but not limited to subpoena or other court orders or applicable laws or regulations.

## ARTICLE VI
## GUC OVERSIGHT COMMITTEE

6.1 Appointment, Composition and Removal of GUC Oversight Committee Members. As provided for in the Plan, the GUC Oversight Committee shall consist of those initial members identified on **Exhibit B**. Except as provided in herein, a member of the GUC Oversight Committee may only be removed by entry of a Bankruptcy Court order finding that cause exists to remove such member after notice and an opportunity for hearing. If a member of the GUC Oversight Committee is removed for cause by entry of a Bankruptcy Court order, then the vacancy shall be filled by an individual proposed by GUC Trustee after the GUC Trustee has filed and served a notice identifying the proposed member of the GUC Oversight Committee. If no objection is received within ten (10) business days after the filing of the notice, the individual proposed by the GUC Trustee shall become a member of the GUC Oversight Committee; if an objection is

received, the Bankruptcy Court shall conduct a hearing with respect to the Trustee's proposed appointment to the GUC Oversight Committee.

6.2 Rights and Duties of GUC Oversight Committee. The GUC Oversight Committee shall be responsible to review and advise the GUC Trustee with respect to the liquidation and distribution of the GUC Trust Assets transferred to the GUC Trust in accordance with the terms herewith. The GUC Trustee shall not take any of the following actions without first providing notice to the GUC Oversight Committee:

- The commencement, prosecution, settlement, compromise, withdrawal or other resolution of any Causes of Action or any other litigation or controverted matter by the GUC Trust where the amount sought to be recovered in the complaint or other document initiating any such Causes of Action or other litigation or controverted matter exceeds $250,000;
- The sale, transfer, assignment, or other disposition of any GUC Trust Assets, or any release, modification or waiver of existing rights as to any GUC Trusts Assets, in each case having a valuation in excess of $250,000;
- The abandonment of any GUC Trust Assets having a valuation of at least $100,000;
- The settlement, compromise, or other resolution of any Disputed Claim, wherein the allowed amount of the asserted Claim exceeds $250,000;
- The amount and timing of Distributions to GUC Trust Beneficiaries from GUC Trust Assets or the proceeds of the GUC Trust Assets; and
- The exercise of any right or action set forth elsewhere in this Agreement or the Plan that expressly requires approval of the GUC Oversight Committee.

The GUC Trustee does not need approval from the GUC Oversight Committee for any actions taken, however each member of the GUC Oversight Committee shall have standing to file an objection and be heard by the Bankruptcy Court, to the extent that such approval is necessary.

6.3. Reporting Requirements. No less than once every six months, the GUC Trustee shall provide with the GUC Oversight Committee with a written report providing the status of all material litigation, Claims objections, and all other material matters affecting the GUC Trust and such other matters regarding the GUC Trust as determined by the GUC Oversight Committee. The GUC Trustee shall provide any GUC Oversight Committee member such additional information and reports they may reasonably request concerning the administration of the GUC Trust, including copies of any pleadings. To the extent feasible and practicable as determined by the GUC Trustee, each Distribution by the GUC Trustee shall be accompanied by a report to the GUC Oversight Committee which details and accounts for the Trust Assets remaining since the prior report. The report shall include a summary of expenses incurred by the GUC Trustee and Distributions made on account of Allowed Claims. All communications with the GUC Trustee and the GUC Oversight Committee shall be subject to common-interest privilege, and neither the GUC Trustee nor any member of the GUC Oversight Committee shall be required to disclose any such communications to any third party absent approval of a court of competent jurisdiction after notice and an opportunity for hearing. After the GUC Trustee has made all Distributions provided by the Plan and this Agreement, the GUC Trustee shall file a final report with the Bankruptcy Court

which details and accounts for the Trust Assets and contains a summary of expenses incurred by the GUC Trustee and Distributions made on account of Allowed Claims.

6.4 Appointment of Supplemental Trustee. The GUC Oversight Committee shall approve the GUC Trustee's appointment of any Supplemental Trustee (as hereinafter defined) in accordance with Section 3.6 and the removal and replacement of any Supplemental Trustee under that provision.

6.5 GUC Oversight Committee Member's Conflicts of Interest. The GUC Oversight Committee members shall disclose any actual or potential conflicts of interest that such member has with respect to any matter arising during the administration of the GUC Trust to the other GUC Oversight Committee members and the GUC Trustee and such member shall be recused from voting on any matter on which such member has an actual or potential conflict of interest.

6.6 Resignation of GUC Oversight Committee Member. A member of the GUC Oversight Committee may resign at any time on written notice (including e-mailed notice) to the other GUC Oversight Committee member(s) and the GUC Trustee. The resignation shall be effective on the later of (a) the date specified in the notice delivered to the other GUC Oversight Committee members and the GUC Trustee, or (b) the date that is 30 days after the date such notice is delivered. In no case shall the resignation of a GUC Oversight Committee member be effective on less than 30 days' notice.

6.7 Appointment of Replacement GUC Oversight Committee Members. Upon the resignation, death, incapacity, or removal of a member of the GUC Oversight Committee, the vacancy shall be filled by an individual proposed by GUC Trustee after the GUC Trustee has filed and served a notice identifying the proposed member of the GUC Oversight Committee, which shall be subject to the unanimous consent of the remaining member or members of the GUC Trust Oversight Committee. If no objection is received within ten (10) business days after the filing of the notice, the individual proposed by the GUC Trustee shall become a member of the GUC Oversight Committee; if an objection is received, the Bankruptcy Court shall conduct a hearing with respect to the Trustee's proposed appointment to the GUC Oversight Committee.

6.8 Conflicts of Interest. Conflicts of interest of the GUC Trustee will be addressed by the GUC Oversight Committee as set herein. If no Oversight Committee is established or serving, the GUC Trustee will appoint a disinterested person to handle any matter where the GUC Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the GUC Trustee is unwilling or unable to appoint a disinterested person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

6.9 Compensation of GUC Oversight Committee. Members of the GUC Oversight Committee shall not receive any compensation for their services, however, they shall be reimbursed for all actual, necessary expenses incurred in connection with their services provided to the GUC Trust Oversight Committee.

## ARTICLE VII

**GUC TRUST BENEFICIARIES**

7.1 Interest Beneficial Only. The ownership of a GUC Trust Interest shall not entitle any GUC Trust Beneficiary to any title in or to the GUC Trust Assets or to any right to call for a partition or division of the GUC Trust Assets or to require an accounting, except as specifically provided by this GUC Trust Agreement.

7.2 Evidence of Beneficial Interest. Ownership of a GUC Trust Interest shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the GUC Trust by the GUC Trustee or its appointee.

7.3 Registration of Beneficial Interest. The GUC Trustee shall cause the Register to be kept at its office or at such other place or places as may be designated by the GUC Trustee from time to time. The Register shall reflect the ownership of the GUC Trust Interests of the GUC Trust Beneficiaries.

7.4 Absolute Owners. The GUC Trustee may deem and treat the GUC Trust Beneficiary reflected as the owner of a GUC Trust Interest on the Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal, state and local income tax purposes and for all other purposes whatsoever.

7.5 Change of Address. Notice of any change of address of a GUC Trust Beneficiary shall be forwarded to the GUC Trustee by registered mail or electronic mail. The notice shall be executed by the respective GUC Trust Beneficiary and be notarized or an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. Absent such written notice, the GUC Trustee shall not recognize any such change of address.

7.6 Effect of Death, Dissolution, Incapacity or Bankruptcy of GUC Trust Beneficiary. The death, dissolution, incapacity or bankruptcy of a GUC Trust Beneficiary during the term of the GUC Trust shall not operate to terminate the GUC Trust during the term of the GUC Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt GUC Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the GUC Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the GUC Trust Beneficiary under this GUC Trust Agreement or in the GUC Trust.

7.7 Standing. Except as expressly provided in this GUC Trust Agreement, the Plan or the Confirmation Order, a GUC Trust Beneficiary does not have standing to direct the GUC Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than against the GUC Trustee to the extent provided in this GUC Trust Agreement) upon or with respect to the GUC Trust Assets. Further, solely by virtue of its interest, a GUC Trust Beneficiary is not entitled to notice of pleadings filed in the Bankruptcy Court, and any GUC Trust Beneficiary seeking to receive notices of pleadings, must act in accordance with Article XII.G of the Plan.

7.8 Addresses of GUC Trust Beneficiaries. In order to determine the actual names and addresses of the GUC Trust Beneficiaries, the GUC Trustee may deliver a notice to the GUC Trust

Beneficiaries. Such notice may include a form for each GUC Trust Beneficiary to complete in order to be properly registered as a GUC Trust Beneficiary and be eligible for distributions from the GUC Trust. Such form may request the GUC Trust Beneficiary's federal taxpayer identification number or social security number if the GUC Trustee determines that such information is necessary to fulfill the GUC Trust's tax reporting and withholding obligations. A GUC Trust Beneficiary may, after the Effective Date, select an alternative mailing address from the one set forth on such form or in its Proof of Claim by notifying the GUC Trustee or its designee in writing of such alternative distribution address in accordance with section 7.5 hereof. Absent receipt of such notice, the GUC Trustee shall not be obligated to recognize any such change of address. Such notification shall be effective only upon receipt by the GUC Trustee or its designee. The GUC Trustee, in its reasonable discretion, may suspend distributions to any GUC Trust Beneficiary that has not provided its federal taxpayer identification number or social security number, as the case may be, after a request is made pursuant to this Section 7.8.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING AND TREATING CONTESTED CLAIMS

8.1 Objections to Claims. Unless otherwise provided in the Plan, after the Effective Date through the applicable Claims objection deadline, the GUC Trustee shall have standing to object to Claims in order to have the Bankruptcy Court determine the amount and treatment of any Claim. Except as otherwise provided in the Plan, if a party files a Proof of Claim and (i) the Debtors, a party in interest or the GUC Trustee, as applicable, file an objection to that Claim or otherwise formally challenge the Claim or (ii) the Claim otherwise is a Disputed Claim under the Plan, then such Claim shall be Disputed unless Allowed or Disallowed by a Final Order or as otherwise set forth in the Plan.

8.2 Prosecution of Disputed Claims. The GUC Trustee, as applicable, may at any time request that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim, pursuant to section 502(c) of the Bankruptcy Code regardless of whether any party in interest previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. If the Bankruptcy Court estimates any contingent, unliquidated or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or the maximum limit of such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the GUC Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

8.3 Disputed Claims Reserve. On the Effective Date or as soon thereafter as is practicable, the GUC Trustee may establish and administer a Disputed Claims Reserve for Disputed Claims in accordance with the Plan and this GUC Trust Agreement. The GUC Trustee may reserve in Cash (or cryptocurrency, at the GUC Trustee's discretion) the expected recovery that such Disputed Claim would receive if it were ultimately determined to be an Allowed Claim (or such lesser amount as may be determined or estimated by the Bankruptcy Court after notice and a hearing)

with respect to each such Disputed Claim. For the avoidance of doubt, the GUC Trustee may administer the Disputed Claims Reserves by book entry.

8.4 Claims Settlement Authority. Notwithstanding any requirement that may be imposed pursuant to Bankruptcy Rule 9019, from and after the Effective Date, the GUC Trustee may settle consistent with its fiduciary duties all Claims and all claims that any of the Debtors, the Committee or the GUC Trust, as appropriate, have asserted against other parties, prior to objection without supervision or approval of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and the guidelines and requirements of the United States Trustee, other than those restrictions expressly imposed by the Plan or the Confirmation Order.

## ARTICLE IX
## DISTRIBUTIONS

9.1 Distributions to GUC Trust Beneficiaries from GUC Trust Assets. All payments to be made by the GUC Trustee to any GUC Trust Beneficiary shall be made in accordance with the Plan, the Confirmation Order and this GUC Trust Agreement and from the GUC Trust Assets (or from the income and proceeds realized from the GUC Trust Assets) and only to the extent that the GUC Trust has sufficient GUC Trust Assets (or income and proceeds realized from the GUC Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this GUC Trust Agreement. Any distribution made by the GUC Trustee in good faith shall be binding and conclusive on all interested parties.

9.2 Distributions; Withholding. All Distributions shall be made in accordance with the Plan; provided, however, that the GUC Trust may, to the extent consistent with Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 94-45, 1994-2 C.B. 684, retain such amounts (a) as are reasonably necessary to meet contingent liabilities and to maintain the value of the GUC Trust Assets during the term of the GUC Trust, (b) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees (including attorneys' fees) and expenses of the GUC Trustee in connection with the performance of its duties in connection with this GUC Trust Agreement, and (c) to satisfy all other liabilities incurred or assumed by the GUC Trust (or to which the GUC Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order and this GUC Trust Agreement. All distributions shall be made as provided, and subject to any withholding or reserve, in this GUC Trust Agreement, the Plan or the Confirmation Order. Additionally, the GUC Trustee may withhold from amounts distributable to any GUC Trust Beneficiary any and all amounts, determined in the GUC Trustee 's reasonable sole direction, to be required by any law, regulation, rule, ruling, directive or other governmental requirement, including withholding the entirety of a distribution until the GUC Trustee receives the necessary tax information from a GUC Trust Beneficiary. The GUC Trustee shall make continuing efforts to dispose of the GUC Trust Assets, make timely distributions and not unduly prolong the duration of the GUC Trust.

9.3 No Distribution Pending Allowance. No Distribution provided under the Plan shall be made on account of a Disputed Claim unless and until such Disputed Claim becomes an Allowed

Claim; provided, however, that a Distribution may be made on an Allowed portion of a Claim pending adjudication of the disputed portion of such Claim.

9.4 Distributions after Allowance. Distributions to each holder of a Disputed Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan governing the Class of Claims to which such holder of a Claim belongs.

9.5 Disputed Identity of Holder. If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution hereunder, the GUC Trustee may, in lieu of making such distribution to such person, make such distribution into an escrow account until the disposition thereof shall be determined by Bankruptcy Court order or by written agreement among the interested parties to such dispute.

9.6 No Recourse to GUC Trust, GUC Trustee. Notwithstanding that the allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is allowed in an amount for which there is insufficient Cash to provide a recovery equal to that received by other holders of Allowed Claims in the relevant Class, no Claim holder shall have recourse to the GUC Trustee or any of its professionals, or its successors or assigns, or the holder of any other Claim, or any of their respective property. However, nothing in the Plan shall modify any right of a holder of a Claim under Section 502(j) of the Bankruptcy Code. THUS, THE COURT'S ENTRY OF AN ESTIMATION ORDER MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

9.7 Non-Cash Property. Subject to the limitations herein, any non-Cash property of the GUC Trust may be sold, transferred by the GUC Trustee. The net proceeds of such sales shall be held in the GUC Trust pending distribution or until used to fund the GUC Trust's obligations hereunder. Subject to ten day notice filed in the Bankruptcy Court, the GUC Trustee may in his business judgment abandon any non-Cash property of the GUC Trust.

9.8 Unclaimed Property. If the Distribution to any Holder of an Allowed Claim is returned to the GUC Trustee as undeliverable or is otherwise an Unclaimed Distribution, no further Distributions shall be made to such Holder unless and until the GUC Trustee is notified in writing of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest. If a Distribution is returned as undeliverable, the GUC Trustee shall use reasonable efforts, including sending electronic mail to the last known electronic mail address, to determine such Creditor's then-current address. Unclaimed Distributions shall be returned to the GUC Trust until such Distributions are claimed. Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an Unclaimed Distribution within three (3) months after the final Distribution Date shall be deemed to have forfeited its Claim for such undeliverable or unclaimed Distribution and shall be forever barred and enjoined from asserting any such Claim for an Unclaimed Distribution against the Debtors and their Estates, the GUC Trustee, the GUC Trust, and their respective agents, attorneys, representatives, employees or independent contractors, and/or any of its and their property. In such cases, any Cash otherwise reserved for Unclaimed

Distributions shall become the property of the GUC Trust free of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary and shall be distributed in accordance with the terms of the Plan and this GUC Trust Agreement. Nothing contained in the Plan, or this GUC Trust Agreement shall require the Debtors or the GUC Trustee to attempt to locate any Holder of an Allowed Claim; provided, however, that in his, her or its sole discretion, the GUC Trustee may periodically publish notice of Unclaimed Distributions.

9.9 Withholding Taxes and Expenses of Distribution. Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law, as determined by the GUC Trustee in its sole discretion, shall be deducted from distributions hereunder. All persons holding Claims shall be required to provide the GUC Trustee with any information necessary to effect the withholding of such taxes and the GUC Trustee may withhold all distributions pending receipt of such information. In addition, all distributions under the Plan shall be net of the actual and reasonable costs of making such distributions. All Entities holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes. No Distribution shall be made to or on behalf of such Entity pursuant to the Plan unless and until such Entity has furnished such information. Any property to be distributed pursuant to the Plan shall be deemed: (i) pending the receipt of such information in the manner established by the GUC Trustee, an Undeliverable Distribution pursuant to section 12.2(b) of the Plan; or (ii) if such information is not received by the deadline established by the GUC Trustee and approved by the Bankruptcy Court upon notice and a hearing, forfeited and treated in accordance with section 12.2(c) of the Plan.

9.10 Method of Distributions. Any Cash payment to be made by the GUC Trustee pursuant to the Plan will be in U.S. dollars and may be made, at the sole discretion of the GUC Trustee, by draft, check, wire transfer, however, notwithstanding the foregoing, the GUC Trustee may remit a distribution on account of an Allowed Claim in cryptocurrency.

9.11 Timing of Distributions. Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day, but shall be deemed to have been made on the required date. Any payment of Cash to be made pursuant to the Plan, subject to the terms hereof, shall be deemed made, if by electronic wire transfer, when the applicable electronic wire transfer is initiated by the sending bank or, if by check drawn on a domestic bank, when the earliest occurs of depositing in the mail for the entitled recipient, receipt by the entitled recipient, or delivery to a third party delivery service for delivery to the entitled recipient.

9.12 No Distribution in Excess of Allowed Amount of Claim. Notwithstanding anything to the contrary herein, no holder of an Allowed Claim shall receive in respect of such Claim any distribution (of a value set forth herein or in the Disclosure Statement) in excess of the allowed amount of such Claim.

9.13 Setoff Rights. The GUC Trustee may, but shall not be required to, set off against or recoup from any Holder (including any GUC Trust Beneficiary) on which payments or other distributions are to be made hereunder, claims or defenses of any nature that the GUC Trust may have against such Person. However, neither the failure to do so, nor the allowance of any Claim

under the Plan or otherwise, shall constitute a waiver or release of any such claim, right of setoff or right of recoupment against the holder of such Allowed Claim.

9.14 Conflicting Claims. (a) If any conflicting claims or demands are made or asserted with respect to a GUC Trust Interest under this GUC Trust Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the GUC Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands. (b) The GUC Trustee, at its sole election, may elect to cause the GUC Trust to make no payment or distribution with respect to the GUC Trust Interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. Neither the GUC Trust nor the GUC Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the GUC Trust or GUC Trustee be liable for interest on any funds which may be so withheld. (c) The GUC Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a final order of the Bankruptcy Court or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the GUC Trustee, which agreement shall include a complete release of the GUC Trust and GUC Trustee. Until the GUC Trustee receives written notice that one of the conditions of the preceding sentence is met, the GUC Trustee may deem and treat, as the absolute owner under this GUC Trust Agreement of the GUC Trust Interest, the GUC Trust Beneficiary identified as the owner of that interest in the books and records maintained by the GUC Trustee. The GUC Trustee may deem and treat such GUC Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

9.15 Distributions under $50. The GUC Trustee shall not cause the Distribution Agent to not make any Cash distributions to any Holder of an Allowed Claim if such distribution is valued at less than $50.00, and each Holder of an Allowed Claim to which this limitation applies shall not be entitled to any distributions under the Plan.

## ARTICLE X
## TAXES

10.1 Income Tax Status. Consistent with Revenue Procedure 94-45, 1994-2 C.B. 684, the GUC Trust shall be treated as a GUC Trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to Sections 671-677 of the Internal Revenue Code of 1986, as amended (the "Code"). As such, the GUC Trust Beneficiaries will be treated as both the grantors and the deemed owners of the GUC Trust. Any items of income, deduction, credit and loss of the GUC Trust shall be allocated for federal income tax purposes to the GUC Trust Beneficiaries.

10.2 Tax Returns. The GUC Trustee shall file such tax returns as may be required by federal, state or local taxing authorities. The GUC Trustee shall file with the IRS annual tax returns on Form 1041 or comply with other applicable tax return filing options, in accordance with Code Section 6012 and Treasury Regulation Sections 1.671-4(a) and 1.671-4(b). In addition, the GUC

Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay any taxes shown as due thereon. The GUC Trustee shall send to each GUC Trust Beneficiary a copy of the Form 1041 for the GUC Trust (without attaching any other GUC Trust Beneficiary's Schedule K-1 or other applicable information form) within a reasonable time following the end of the taxable year, along with such GUC Trust Beneficiary's Schedule K-1 or other applicable information form.

10.3 Withholding of Taxes Related to GUC Trust Operations. To the extent that the operation of the GUC Trust or the liquidation of the GUC Trust Assets creates a tax liability of the GUC Trust in excess of applicable net operating losses, the GUC Trustee shall promptly pay such tax liability, if any, and any such payment shall be considered a cost and expense of the operation of the GUC Trust payable from the GUC Trust Assets. The GUC Trustee may reserve a sum, the amount of which shall be determined by the GUC Trustee in its sole discretion, sufficient to pay the accrued or potential tax liability arising out of the operations of the GUC Trust or the operation of the GUC Trust Assets. In the exercise of its sole discretion, the GUC Trustee may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld.

10.4 Valuations. The GUC Trustee and the GUC Trust Beneficiaries shall utilize consistent valuations of the GUC Trust Assets and such valuations shall be used for all federal income tax purposes.

## ARTICLE XI
## TERMINATION OF TRUST

11.1 Maximum Term. The term of the GUC Trust shall end no later than the fifth (5th) anniversary of the Effective Date (the "Initial Trust Term") if not otherwise terminated sooner by the distribution of all of the GUC Trust Assets to the GUC Trust Beneficiaries in accordance with the Plan and this GUC Trust Agreement; provided, however, that the GUC Trustee may extend the term of the GUC Trust if necessary to facilitate or complete the liquidation of the GUC Trust Assets or the distributions required to be made to the GUC Trust Beneficiaries hereunder for an additional one (1) year (the "Supplemental GUC Trust Term") by filing a notice of the GUC Trustee 's intent to extend the term of the GUC Trust with the Bankruptcy Court and obtaining the approval of the Bankruptcy Court within six (6) months prior to the beginning of the extended term; provided further, however, that the aggregate of all such extensions shall not exceed one (1) year, unless the GUC Trustee receives a favorable ruling from the IRS or an opinion of counsel satisfactory to the GUC Trustee that any further extension would not adversely affect the status of the GUC Trust as a GUC Trust within the meaning of Treas. Reg. §301.7701-4(d) for federal income tax purposes. Notwithstanding anything to the contrary in this GUC Trust Agreement, in no event shall the GUC Trustee unduly prolong the duration of the GUC Trust, and the GUC Trustee shall at all times endeavor to prosecute, direct, settle or compromise expeditiously the Causes of Action and Claims objections, so as to distribute the GUC Trust Assets to the GUC Trust Beneficiaries and terminate the GUC Trust as soon as practicable in accordance with this GUC Trust Agreement.

11.2 Events Upon End of Term Termination. Upon the termination of the GUC Trust, the GUC Trustee shall distribute the remaining GUC Trust Assets, if any, to the GUC Trust Beneficiaries, in accordance with the Plan, the Confirmation Order and this GUC Trust Agreement. In connection with the termination of the GUC Trust, notwithstanding other provisions hereof, any remaining GUC Trust Assets that are of inconsequential value or otherwise insufficient to support the cost of a distribution may be transferred by the GUC Trustee to a non-profit charitable organization qualifying under Section 501(c)(3) of the Tax Code.

11.3 Winding Up and Discharge of the GUC Trustee. For the purposes of winding up the affairs of the GUC Trust at its termination, the GUC Trustee shall continue to act as GUC Trustee until its duties have been fully discharged. After doing so, the GUC Trustee, its agents and employees shall have no further duties or obligations hereunder, except as required by this GUC Trust Agreement, the Plan, the Disclosure Statement or applicable law concerning the termination of a trust. Upon a motion by the GUC Trustee, the Bankruptcy Court may enter an order relieving the GUC Trustee, its agents and employees of any further duties, discharging the GUC Trustee and releasing its bond, if any.

11.4 Dissolution. Upon the dissolution of the GUC Trust and completion of the winding up of the GUC Trust's affairs, a Certificate of Cancellation Canceling the Certificate of Trust of the GUC Trust shall be filed with the Delaware State Office, which Certificate of Cancellation may be executed by the GUC Trustee. The GUC Trustee shall provide a copy of the Certificate of Cancellation to the Delaware Trustee promptly following such filing.

## ARTICLE XI
## DELAWARE TRUSTEE

12.1 Delaware Trustee. The following terms and conditions shall apply to the Delaware Trustee:

(a) The Delaware Trustee shall constitute the trustee required pursuant to Section 3807(a) of the Delaware Act, shall have only the rights, obligations and liabilities specifically provided for in this GUC Trust Agreement and the Delaware Act, and shall have no implied rights, obligations or liabilities with respect to the affairs of the GUC Trust. The duties of the Delaware Trustee shall be limited to (i) accepting legal process served on the Trust in the State of Delaware and (ii) the execution of any certificates required to be filed with the Delaware State Office which the Delaware Trustee is required to execute under Section 3811 of the Delaware Act. To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating thereto to the GUC Trust or any GUC Trust Beneficiary, it is hereby understood and agreed by the GUC Trust, the GUC Trustee and all GUC Trust Beneficiaries that such duties and liabilities are replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this GUC Trust Agreement. Notwithstanding any other provision of this GUC Trust Agreement, unless specifically directed by the GUC Trustee and consented to by the Delaware Trustee, the Delaware Trustee shall not participate in any decisions relating to, or possess any authority independently to manage or control, the business of the GUC Trust. The Delaware Trustee may, and hereby is authorized to, take such action or refrain from taking such action under this GUC Trust Agreement as may be directed in writing by the GUC Trustee from time to time; provided, however, that the

Delaware Trustee shall not be required to take or refrain from taking any such action if it shall have determined, or shall have been advised by counsel, that such action is reasonably likely to subject the Delaware Trustee to personal liability or is contrary to the terms of this GUC Trust Agreement or of any document contemplated hereby to which the GUC Trust or the Delaware Trustee is a party or is otherwise contrary to law. The Delaware Trustee shall provide prompt notice to the GUC Trustee of its performance of any of the foregoing.

(b) So long as required by the Delaware Act, there shall be one (1) Delaware Trustee who or which shall be (i) a natural person who is a resident of the State of Delaware or (ii) if not a natural person, an entity that has its principal place of business in the State of Delaware and otherwise meets the requirements of applicable law.

12.2 Limitation of Delaware Trustee Liability. The Delaware Trustee shall not be liable for the acts or omissions of the GUC Trustee or any other person or entity, nor shall the Delaware Trustee be liable for supervising or monitoring the performance of the duties of the GUC Trustee or the GUC Trust or of any other person or entity under this GUC Trust Agreement or any related document. The Delaware Trustee shall not be personally liable under any circumstances, except for its own willful misconduct, fraud, or gross negligence. In particular, but not by way of limitation:

(a) The Delaware Trustee shall not be personally liable for any error of judgment made by a responsible officer of the Delaware Trustee in good faith;

(b) No provision of this GUC Trust Agreement shall require the Delaware Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder;

(c) Under no circumstance shall the Delaware Trustee be personally liable for any representation, warranty, covenant, agreement, or indebtedness of the GUC Trust;

(d) The Delaware Trustee shall not be personally responsible for or in respect of the validity or sufficiency of this GUC Trust Agreement or for the due execution hereof by the other parties;

(e) The Delaware Trustee may conclusively rely and shall be fully protected and shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine and believed by it to be signed by the proper party or parties. The Delaware Trustee may accept a certified copy of a resolution of any governing body of any person as conclusive evidence that such resolution has been duly adopted by such person and that the same is in full force and effect. As to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, the Delaware Trustee may for all purposes hereof rely on a certificate, signed by any officer of the party delivering the certificate, as to such fact or matter, and such certificate shall constitute full protection to the Delaware Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon;

(f) In the exercise or administration of its duties hereunder, the Delaware Trustee (A) may act directly or through agents or attorneys pursuant to agreements entered into with any of them, and the Delaware Trustee shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Delaware Trustee in good

faith and (B) may consult with counsel, accountants and other skilled persons to be selected in good faith and employed by it, and it shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons;

(g) In accepting and performing its duties hereunder the Delaware Trustee acts solely as trustee hereunder and not in its individual capacity, and all persons having any claim against the Delaware Trustee or the GUC Trust by reason of the transactions contemplated by this GUC Trust Agreement shall look only to the GUC Trust Assets for payment or satisfaction thereof; and

(h) The Delaware Trustee shall not be liable for punitive, exemplary, consequential, special or other similar damages under any circumstances.

12.3 Compensation and Expenses of Delaware Trustee. The Delaware Trustee shall be entitled to receive compensation as set forth on **Exhibit A** attached hereto. In addition, the GUC Trust shall reimburse the Delaware Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Delaware Trustee in accordance with any of the provisions of this GUC Trust Agreement (including, without limitation, the reasonable compensation and the expenses and disbursements of its counsel and agents). Though it is not intended or expected that the Delaware Trustee will ever handle funds, to the extent that the Delaware Trustee receives Trust funds the Delaware Trustee may earn compensation in the form of short-term interest ("float") on items like uncashed distribution checks (from the date issued until the date cashed), funds that the Delaware Trustee is directed not to invest, deposits awaiting investment direction or received too late to be invested overnight in previously directed investments.

12.4 Indemnification of Delaware Trustee. The GUC Trust hereby agrees to indemnify, defend and hold harmless the Delaware Trustee and any of the shareholders, officers, directors, employees and agents of the Delaware Trustee (the "Delaware Trustee Indemnified Parties") from and against, any and all losses, damages, liabilities, claims, actions, suits, costs, expenses, disbursements (including the reasonable fees and expenses of counsel) and penalties of any kind and nature whatsoever (collectively, "Delaware Trustee Expenses"), to the extent that such Delaware Trustee Expenses arise out of or are imposed upon or asserted at any time against such Delaware Trustee Indemnified Parties with respect to the performance of this GUC Trust Agreement, the creation, operation or termination of the GUC Trust or the transactions contemplated hereby; provided, however, that the GUC Trust shall not be required to indemnify any Delaware Trustee Indemnified Party for any Delaware Trustee Expenses that are held by a court of competent jurisdiction in a final, non-appealable proceeding to be the result of the fraud, gross negligence, or willful misconduct of such Delaware Trustee Indemnified Party. As security for any amounts owing to the Delaware Trustee hereunder, the Delaware Trustee shall have a lien against the GUC Trust Assets, which lien shall be prior to the rights of any GUC Trust Beneficiary. To the fullest extent permitted by law, Delaware Trustee Expenses to be incurred by a Delaware Trustee Indemnified Party shall, from time to time, be advanced by, or on behalf of, the GUC Trust prior to the final disposition of any matter upon receipt by the GUC Trust of an undertaking by, or on behalf of, such Delaware Trustee Indemnified Party to repay such amount if it shall be determined that such Delaware Trustee Indemnified Party is not entitled to be indemnified

hereunder. The obligations of the GUC Trust under this Section 12.4 shall survive the termination of this GUC Trust Agreement and the resignation or removal of the Delaware Trustee.

12.5 Resignation or Removal of Delaware Trustee. The Delaware Trustee shall serve for the duration of the Trust and until the earlier of (i) the effective date of the Delaware Trustee's resignation, or (ii) the effective date of the removal of the Delaware Trustee. The Delaware Trustee may resign at any time by giving thirty (30) days written notice to the GUC Trustee; provided, however, said resignation shall not be effective until such time as a successor Delaware Trustee has accepted such appointment. The Delaware Trustee may be removed at any time by the GUC Trustee by providing thirty (30) days written notice to the Delaware Trustee; provided, however, such removal shall not be effective until such time as a successor Delaware Trustee has accepted such appointment. Upon the resignation or removal of the Delaware Trustee, the GUC Trustee shall appoint a successor Delaware Trustee. If no successor Delaware Trustee shall have been appointed and shall have accepted such appointment within forty five (45) days after the giving of such notice of resignation or removal, the GUC Trustee may petition any court of competent jurisdiction for the appointment of a successor Delaware Trustee. Any successor Delaware Trustee appointed pursuant to this Section shall be eligible to act in such capacity in accordance with this Agreement and, following compliance with this Section, shall become fully vested with the rights, powers, duties and obligations of its predecessor under this Agreement, with like effect as if originally named as Delaware Trustee. Any such successor Delaware Trustee shall notify the Delaware Trustee of its appointment by providing a written instrument to the Delaware Trustee. At such time the Delaware Trustee shall be discharged of its duties herein. Any corporation into which the Delaware Trustee may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which such Trustee shall be a party, or any corporation to which substantially all the corporate trust business of the Delaware Trustee may be transferred, shall, subject to the preceding sentence, be the Delaware Trustee under this Trust Agreement without further act.

## ARTICLE XIII
## MISCELLANEOUS PROVISIONS

13.1 Amendments. (a) This GUC Trust Agreement may only be modified, supplemented or amended by the GUC Trustee in a written, acknowledged instrument: (i) to cure any ambiguity, omission, defect or inconsistency in this GUC Trust Agreement; provided that such amendments, supplements or waivers shall not contravene or otherwise be inconsistent with the terms of the the Plan, and the Confirmation Order, adversely affect the distributions to be made or other rights under this GUC Trust Agreement to any of the GUC Trust Beneficiaries, or adversely affect the U.S. federal income tax status of the GUC Trust as a “Liquidating Trust”; (ii) to comply with any requirements in connection with the U.S. federal income tax status of the GUC Trust as a “Liquidating Trust”; (iii) to comply with any requirements in connection with maintaining that the GUC Trust is not subject to registration or reporting requirements of the Exchange Act or the Investment Company Act; and (iv) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this GUC Trust Agreement. (b) Any substantive provision of this GUC Trust Agreement may be amended or waived by the GUC Trustee, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; provided, however, that no change may be made to this GUC Trust Agreement that contravenes

or is otherwise inconsistent with the terms of the Plan or the Confirmation Order. No amendment, modification or supplement of this GUC Trust Agreement adversely affecting the Delaware Trustee is effective unless the Delaware Trustee has consented to it in writing in its sole discretion.

13.2 Waiver. No failure by the GUC Trustee to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

13.3 Cumulative Rights and Remedies. The rights and remedies provided in this GUC Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

13.4 No Bond Required. Notwithstanding any state law to the contrary, the GUC Trustee (including any successor GUC Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

13.5 Transfer of Books and Records; Preservation of Privileges and Immunities.

(a) On the Effective Date or as soon thereafter as is reasonably practicable, all books and records of the Debtors, to the extent they exist and are in the Debtors' possession, including, without limitation, all books and records relating to the administration of the GUC Trust, all Claims against the Debtors and the GUC Trust, including any Causes of Action, shall be transferred or deemed assigned to the GUC Trust. The Debtors, their affiliates and agents shall take all steps, and execute all documents, necessary to cause the transfer of all of the books and records of the Debtors in accordance with the Plan. Except as set forth in the Plan and Confirmation Order, the GUC Trustee shall maintain such books and records until five years from the filing of the Debtors' final tax returns. Thereafter, said records may be destroyed or otherwise disposed of, except as otherwise set forth in the Confirmation Order. If the GUC Trustee seeks to destroy or otherwise dispose of any records of the Debtors' Estates prior to the time periods set forth herein, such GUC Trustee shall be entitled to do so upon Order of the Bankruptcy Court obtained on motion on 14 days negative notice to the Debtors' Bankruptcy Rule 2002 service list.

(b) Any documents or communications (whether written or oral, and including confidential information) transferred by the Debtors or Committee to the GUC Trust shall vest, including all rights and privileges, including the attorney-client and work product privileges, related thereto, in the GUC Trustee and its, his or her representatives, the Debtors, the Committee, and the GUC Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges. After the Effective Date, no person other than the GUC Trustee shall have the right to assert or waive any privilege of the Debtors or to make any admission or statement against interest respecting the Debtors.

13.6 Irrevocability. This GUC Trust Agreement and the GUC Trust created hereunder shall be irrevocable, and may not be amended except as expressly provided in Section 12.1 of this GUC Trust Agreement.

13.7 Tax Identification Numbers. The GUC Trustee may require any GUC Trust Beneficiary to furnish to the GUC Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and the GUC Trustee may condition any distribution to any GUC Trust Beneficiary upon the receipt of such identification number.

13.8 Relationship to the Plan. The principal purpose of this GUC Trust Agreement is to aid in the implementation of the Plan and, therefore, this GUC Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this GUC Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order, as applicable, shall control; provided, however, that in the event of an inconsistency between this GUC Trust Agreement and the Plan that does not materially and adversely affect the interests, rights, treatment or Distributions of any Class of Allowed Claims or Interests under the Plan, the GUC Trust Agreement shall control.

13.9 Governing Law. This GUC Trust Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of Delaware (excluding conflict of law rules), including all matters of validity, construction and administration; provided, however, that there shall not be applicable to the GUC Trust, the GUC Trustee or this GUC Trust Agreement, any provisions of the laws (statutory or common) of the State of Delaware, other than the Delaware Act, pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof (i) the filing with any court or governmental body or agency of trustee accounts or schedule of trustee fees and charges, (ii) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust, (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (iv) fees or other sums payable to trustees, officers, agents, or employees of a trust, (v) the allocation of receipts and expenditures to income and principal, (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding or investing trust assets, or (vii) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees. Each party hereto, including any successor GUC Trustee, hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court or, if the Bankruptcy Court refuses such jurisdiction, to the non-exclusive jurisdiction of the courts of the State of Delaware, sitting in New Castle County and having proper subject matter jurisdiction, or the Federal District Court for the District of Delaware, for all purposes in connection with any action or proceeding that arises out of or relates to this GUC Trust Agreement (the "Proceedings") and hereby agrees that service of summons, complaint or other process may be made by certified or registered mail, return receipt requested, to be sent to its address set forth in Section 13.13 of this GUC Trust Agreement in connection with any Proceedings, and that service so made shall be as effective as if personally made in the State of Delaware. Nothing herein shall affect the right of either party hereto to serve legal process in any manner permitted by law.

13.10 Retention of Jurisdiction. Notwithstanding any other provision of this GUC Trust Agreement, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the GUC Trust after the Effective Date, including, without limitation, jurisdiction as set forth in the Plan and the Confirmation Order and to resolve any and all controversies, suits

and issues that may arise in connection with the GUC Trust, including, without limitation, this GUC Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the GUC Trustee or any professional retained by the GUC Trustee or the GUC Trust, in each case in its capacity as such. Each party to this GUC Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this GUC Trust Agreement or of any other agreement or document delivered in connection with this GUC Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that (i) any action to enforce, interpret or construe any provision of this GUC Trust Agreement will be brought only in the Bankruptcy Court and (ii) all determinations, decisions, rulings and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to reargument or reconsideration. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, to be sent to its address set forth in Section 12.13 of this GUC Trust Agreement or to such other address as he, she or it may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret or construe any provision of this GUC Trust Agreement. ANY AND ALL RIGHT TO TRIAL BY JURY IS HEREBY WAIVED AND THERE SHALL BE NO RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THE GUC TRUST AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

13.11 <u>Severability</u>. In the event that any provision of this GUC Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this GUC Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this GUC Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

13.12 <u>Limitation of Benefits</u>. Except as otherwise specifically provided in this GUC Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the GUC Trust Beneficiaries any rights or remedies under or by reason of this GUC Trust Agreement.

13.13 Notices. All notices, requests, demands, consents and other communication hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by electronic mail or if sent by overnight mail, registered mail, certified mail or regular mail, with postage prepaid, to the following addresses:

If to the Debtors:

________________
Attn:

If to the GUC Trustee :

____________________
Attn:

If to the Delaware Trustee:

____________________
Attn:

If to the Delaware Trustee:
CSC Delaware Trust Company
251 Little Falls Drive
Wilmington DE 19808
Attn: Trust Administration

If to a GUC Trust Beneficiary: To the name and address set forth in the Register with respect to such GUC Trust Beneficiary. The parties may designate in writing from time to time other and additional places to which notices may be sent. All demands, requests, consents, notices and communications shall be deemed to have been given (a) at the time of actual delivery thereof, (b) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid and properly addressed, or (c) if given by overnight courier, the next business day after being sent, charges prepaid and properly addressed.

13.14 Further Assurances. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this GUC Trust Agreement, and to consummate the transactions contemplated hereby.

13.15 Integration. This GUC Trust Agreement, the Plan and the Confirmation Order constitute the entire agreement with, by and among the parties thereto, and there are no representations, warranties, covenants or obligations except as set forth herein, in the Plan and in the Confirmation Order. Except as provided in this GUC Trust Agreement, the Plan or the Confirmation Order, this GUC Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this GUC Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the GUC Trust Beneficiaries any rights or remedies under or by reason of this GUC Trust Agreement.

13.16 Successors or Assigns. The terms of this GUC Trust Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors and assigns.

13.17 Interpretation. The enumeration and Section headings contained in this GUC Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this GUC Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this GUC Trust Agreement the singular shall include the

plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this GUC Trust Agreement as a whole and not to any particular Section or subsection hereof unless the context requires otherwise.

13.18 Counterparts. This GUC Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

13.19 Corporate Transparency Act. The Corporate Transparency Act (31 U.S.C. § 5336) and its implementing regulations (collectively, the "CTA"), may require the GUC Trust to file reports with Financial Crimes Enforcement Network. The Delaware Trustee shall have no duty to prepare such filings, cause the Trust to make such filings, and to cause the GUC Trust to comply with this obligation under the CTA, if any.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this GUC Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers, all as of-the date first above written.

[Signature page]

Debtors

GUC Trustee

Delaware Trustee

# EXHIBIT A

## GUC TRUSTEE FEE SCHEDULE

| | |
|---|---|
| Monthly Fixed Fee | $10,000 monthly flat fee |
| Success Fee | - 3.0% of Proceeds, net of contingency fees, for the first $75.0M of proceeds<br>- 5.0% of Proceeds, net of contingency fees, above $75.0M of proceeds |

## DELAWARE TRUSTEE

| | |
|---|---|
| Delaware Statutory Trust Organization | $1,000 fee |
| Annual Fee | $3,000 per year |

# EXHIBIT B

**GUC Oversight Committee Members**

1. Jeff Brandt
2. Prince Jindal
3. [TBD]